

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ROCK HILL DIVISION

| | | |
|---|---|---|
| JAMES MATTHEW SMITH,<br>Plaintiff, | §<br>§<br>§ | |
| vs. | § | Civil Action No. 0:25-13811-MGL-MGB |
| | § | |
| LUBECON USA, LLC, | §<br>§ | |
| Defendant. | §<br>§ | |

## ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING PLAINTIFF'S MOTION TO REMAND, AND RENDERING AS MOOT DEFENDANT'S MOTION TO SET ASIDE DEFAULT

Plaintiff James Matthew Smith filed this suit against LubeCon USA, LLC in the York County Court of Common Pleas. The state court placed LubeCon in default, and LubeCon subsequently removed the case to this Court.

This matter is before the Court for review of the Report and Recommendation (the Report) of the United States Magistrate Judge suggesting to the Court Smith's motion to remand be granted and LubeCon's motion to set aside default be dismissed as moot. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 23, 2026.  To date, LubeCon has failed to file any objections.

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Moreover, a failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case under the standard set forth above, the Court adopts the Report and incorporates it herein.  Therefore, it is the judgment of the Court Smith's motion to remand is **GRANTED** and LubeCon's motion to set aside default is **RENDERED AS MOOT**.

**IT IS SO ORDERED.**

Signed this –2nd day of June, 2026, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

2